**McDERMOTT WILL & EMERY LLP**
ROBERT P. MALLORY #048287
MATTHEW OSTER #190541
2049 Century Park East, 38th Floor
Los Angeles, CA  90067
Telephone:   (310) 277-4110
Facsimile:    (310) 277-4730
moster@mwe.com

Attorneys for Defendant
**WALGREEN CO.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| STUART ROPER, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>WALGREEN CO. and DOES 1-10, inclusive,<br><br>          Defendant. | CASE NO. CV 08-02518-VAP (OPx)<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Complaint Filed: March 13, 2008<br>Trial Date:          TBA<br>Discovery Cut-off Date:   TBA<br>Law & Motion Cut-off Date: TBA |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff and defendant, hereinafter collectively referred to as "the Parties", by and through their counsel of record, stipulate to the entry of a Protective Order herein, as follows:

**IT IS HEREBY ORDERED THAT:**

**1.    PROCEEDINGS AND FORM OF INFORMATION GOVERNED**

This Protective Order shall govern any document, data, electronic file, information, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony, exhibits, or other thing which is designated as containing "Confidential Information," as defined herein, and is furnished in connection with this action by any person or entity (the "Producing Party") to any other person or entity, whether in response to a discovery request, subpoena or otherwise ("Receiving Party"), whether the person or entity producing or receiving the Confidential Information is a party to this litigation.

**2.    DEFINITION OF CONFIDENTIAL INFORMATION**

a.    The term "Confidential Information" means information constituting or containing trade secrets; confidential and proprietary research or development information; product testing and analysis; current (within the past five (5) years) or future budgeting and/or accounting information; financial information; information identifying existing and potential customers; current (within the past five (5) years) and future marketing studies, and projections; confidential business strategies, decisions and/or negotiations that are to be implemented; personnel compensation, evaluations and other employment information; confidential information protected by confidentiality agreements with third parties with whom the Parties to this action have or have had business relationships; and certain private personal and sensitive documents or records or data identifiers including but not limited to those set forth in Civil Local Rule 79-5.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

LAS99 1701073-1.007341.0043

1

(CASE NO. CV 08-02518-VAP (OPX))

b.     The scope of this Order shall be understood to encompass not only those items or things which are expressly designated as Confidential Information, but also any information derived therefrom, and all copies, excerpts, and summaries thereof.

**3.     DESIGNATION OF CONFIDENTIAL INFORMATION**

a.     Any information produced in this action that is believed in good faith by the Producing Party after an appropriate investigation to contain Confidential Information may be designated as "CONFIDENTIAL." In addition, if any material provided by a third-party contains information that may be considered to be Confidential Information of any Party, that Party may designate such information as "CONFIDENTIAL."

b.     In designating information as "CONFIDENTIAL," a Designating Party shall make such a designation only as to Confidential Information which that Designating Party in good faith believes will harm the competitive position of the Designating Party and/or any other Party with reasonable claims of confidentiality concerning the information if it becomes known to a person or entity other than the Producing Party or will reveal private sensitive and/or confidential personal information.

c.     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

d.     In the event a Producing Party has information that is subject to discovery and such information was supplied to the Producing Party by another third-party and is subject to an agreement of confidentiality between those parties, the Producing Party shall seek permission from such other third-party for the production of such information to the Receiving Party subject to the terms of this

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

order. In the event such third-party refuses permission, the third-party or Producing Party claiming protection shall bear the burden of conferring in person, in writing, or by telephone with the Receiving Party, as contemplated by Civil L.R. 37. Failing agreement, the third-party or Producing Party either shall file a motion no later than ten (10) days from the date of the parties' conference or the Producing Party shall produce the information.

e.    The designation of Confidential Information shall be made at the following time:

(1)    For documents and things, at the time of the production of the documents or things. However, in the event a Producing Party elects to produce documents and things for inspection by a Receiving Party, no designation need be made prior to the inspection. For purposes of the inspection, all documents shall be considered "CONFIDENTIAL." Upon a request for copying, the Producing Party shall designate such documents with the appropriate confidentiality marking.

(2)    In the event documents or things responsive to a subpoena properly issued and served on a non-Party to this action may contain material which may be subject to designation by a Party pursuant to ¶3(a) of this Order, the Party may notify the other parties of its belief, in which case all documents produced in response to the subpoena shall be considered CONFIDENTIAL for fifteen (15) days after they are produced. On or before the 15th day after production, all documents produced pursuant to the subpoena shall be deemed non-confidential except any documents otherwise designated pursuant to the terms of this Order by the Designating Party, which documents shall be treated according to the designation assigned to them by the Designating Party.

(3)    For written responses to interrogatories or requests for admissions, at the time of the written response;

(4)    For declarations and pleadings, at the time of the filing or service of such declaration or pleading (see ¶ 9(d));

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

(5)     For deposition testimony, at the time of the testimony (see ¶ 9(c)) or in writing within thirty (30) days after receipt by the Producing Party of the transcript of the deposition; and

(6)     For any statement (other than deposition testimony) within the scope of ¶ 2(b), through confirmation in writing within ten (10) business days after such statement is made.

f.     The designation of Confidential Information pursuant to ¶3(a) shall be made in the following manner:

(1)     For documents, by placing a legend on each page of such document;

(2)     For tangible objects, by placing a label or tag on the object or the container thereof, or if not practicable, as otherwise agreed;

(3)     For any CD-ROM, DVD, disk or other electronic, magnetic or digital storage medium, by placing a label or tag on the medium and the container thereof;

(4)     For written responses to interrogatories or requests for admissions, on the face of any such responses;

(5)     For declarations or pleadings, on the face of any such declaration or pleading; and

(6)     For depositions, following the procedure set forth in ¶ 9(c) or in writing within thirty (30) days after receipt by the Producing Party of the transcript of the deposition.

g.     It shall be the duty of the Party seeking protection of Confidential Information to indicate to the Receiving Party and its attorneys of record which of the materials and testimony it considers Confidential Information.

h.     Each Party retains the right to redesignate documents already designated "CONFIDENTIAL" and to require such documents to be treated in accord with such designations from that time forward.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

i.      Should a Party determine that a document subject to privilege or immunity from discovery has been produced inadvertently, that Party shall promptly bring it to the attention of the Receiving Party. The inadvertently disclosed documents and all copies thereof shall be returned promptly to the Producing Party. Such disclosure shall not result in the waiver of any applicable privilege.

**4.      RESOLUTION OF DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION**

a.      In the event that any Party disputes the designation of Confidential Information, such Party shall so inform the Producing Party by providing written notice, and the Parties shall confer in a good faith effort to resolve the dispute.

b.      In the event that the Parties are unable to resolve a dispute regarding designation of Confidential Information as "CONFIDENTIAL," the Designating or Producing Party may request appropriate relief from the Court. Such relief must be sought within twenty-five (25) days of any notification by any party to the dispute over the designation that an impasse has been reached. If such relief is timely sought, the challenged designation and categorization shall remain in effect until changed by order of the Court or agreement of the Producing Party. If no relief is timely sought, the information shall be deemed to have the designation the non-designating party to the dispute asserts is appropriate. The burden of establishing that information has been properly designated is on the Party making such designation. This Protective Order does not alter the burden imposed by law on any Producing Party seeking to uphold any limitation on the production or dissemination of materials.

c.      Information that is in the public domain is not subject to this Order. Any information which prior to disclosure hereunder is either (i) in the possession or knowledge of a Receiving Party who, absent this Order, is under no restriction with respect to the dissemination of such confidential information, or (ii) is public

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1  knowledge or which, after disclosure, becomes public knowledge other than

2  through an act or omission of a Receiving Party, shall be deemed to be in the public

3  domain. Any dispute regarding whether documents or information are in the public

4  domain shall be resolved in accordance with Paragraphs 4(a)-(b), supra.

5  Notwithstanding the foregoing, disclosure subject to a confidentiality order in a

6  prior action does not mean that information is in the public domain.

7  **5.      ACCESS TO "CONFIDENTIAL" INFORMATION**

8        a.      Access to information marked "CONFIDENTIAL" shall be limited to,

9  and only to, the following "qualified persons":

10        (1)      Any employee or representative of the Producing or Receiving

11  Party, or the author, addressee or contemporaneous recipient of the document.

12        (2)      Outside attorneys of record for the Parties in this action who are

13  actively engaged in the conduct of this litigation and, if the attorney is a member of

14  a law firm of record, the employees and staff of the law firm who are actively

15  responsible for assisting in the preparation, trial or appeal of this action and

16  organizations retained by law firms or attorneys of record to any Party to provide

17  litigation support and/or jury consulting services in this action.

18        (3)      Designated in-house counsel and, for each, their respective

19  immediate secretarial or administrative personnel, designated by the Receiving

20  Party who are actively involved in the assertion of claims or defenses in this action,

21  but only for such purposes.

22        (4)      Independent experts and consultants retained in this action by

23  the attorneys of record and their employees and staff who are responsible for

24  assisting in the preparation, trial or appeal of this action, insofar as the attorneys of

25  record may deem it necessary for the preparation or trial of this case to consult with

26  such experts or consultants.

27

28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

(5)     The Court and court officials involved in this litigation, including court reporters, persons operating video recording equipment, court clerks, and any special master appointed by Court.

(6)     Subject to the specific limitations set forth in paragraphs 7 and 9 below, any witness or person from whom testimony is taken, except that such persons may only be shown copies of Confidential Information during his or her testimony, and may not retain any Confidential Information;

(7)     Such other persons as hereafter may be designated by written agreement of the Parties involved or designated by the Court in the interests of justice.

b.     All materials containing Confidential Information marked "CONFIDENTIAL" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

**6.     ADDITIONAL DESIGNATION**

a.     If a Producing Party believes that the provisions of this Protective Order will not adequately protect certain Confidential Information, that Producing Party may move the Court for an order providing additional or different protections for such Confidential Information.

**7.     DISCLOSURE OF CONFIDENTIAL INFORMATION**

a.     All individuals to whom Confidential Information is to be disclosed shall be informed of the existence of this Order, shall be provided with a copy thereof and shall be instructed that such material may not be used other than in connection with this litigation and may not be disclosed to anyone other than persons contemplated by this Order.

b.      Before any document, information or material designated as Confidential Information is disclosed to any person identified in ¶¶5(a)(1), (4), (6) or (7), such person shall execute a copy of the Declaration attached hereto as Exhibit A.

c.      With respect to independent experts and consultants described in ¶ 5(a)(4), a Receiving Party shall obtain and keep a copy of the Declaration signed by the person to whom Confidential Information designated as "CONFIDENTIAL" is disclosed. It shall be the obligation of the Receiving Party and its counsel to obtain and maintain copies of such Declarations, though such Declarations executed by a non-testifying expert or consultant shall not be discoverable

**8.      USE OF CONFIDENTIAL INFORMATION**

a.      Use of Confidential Information Generally.

Confidential Information disclosed pursuant to this Protective Order shall be used only for purposes of this litigation (including appeals and retrials) and shall be protected from any unauthorized or unrelated use.

b.      Production of Confidential Information Pursuant to Subpoena or Court Order.

Except for these Proceedings, the Parties agree that if a Party is required by law or order of governmental or judicial body to release Confidential Information to which it has gained access under the terms of this Protective Order, the Party so required shall notify the Producing or Designating Party in writing within three (3) business days of receipt of actual notice or within three (3) business days of the determination that the Confidential Information is required to be released or within three (3) business days prior to such release, whichever is sooner, to permit the Producing or Designating Party sufficient opportunity to contest the release. In the event no action is taken by the Producing or Designating Party before the deadline for compliance with the law or order of governmental or judicial body to release the

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Confidential Information, the Party required to release the Confidential Information

2    may do so.

3    **9.      USE OF CONFIDENTIAL INFORMATION IN CONDUCT OF THIS**

4    **ACTION**

5          a.      Confidential Information may be used by the attorneys of record in

6    good faith in conducting discovery, provided that the Confidential Information is

7    protected pursuant to the terms and conditions of this Protective Order.

8          b.      A deponent may, during the deposition, be shown and examined about

9    confidential documents if there is sufficient testimony on the record to establish that

10   the deponent already knows the confidential information contained therein or if the

11   examining party complies with the provisions of ¶ 7(b). Deponents shall not retain

12   or copy portions of the transcript of their depositions that contain Confidential

13   Information not provided by them. A deponent who is not a party or a

14   representative of a party shall be furnished a copy of this order before being asked

15   to produce potentially Confidential Information.

16         c.      At any deposition, upon any inquiry with regard to the content of a

17   document marked "CONFIDENTIAL," or when counsel for a Party deems that the

18   answer to a question may result in the disclosure of Confidential Information of his

19   or her client within the meaning of this Order, counsel for the Party whose

20   Confidential Information is involved, at his or her option, in lieu of taking other

21   steps available in such situation, may direct that the questions and answers be

22   transcribed separately from the remainder of the deposition. When such a direction

23   has been given, the disclosure of the testimony shall be limited in the manner

24   specified in ¶¶ 5 through 7 hereof and the information contained therein shall not be

25   used for any purpose other than as provided in this Order. In addition, when such a

26   direction has been made, the separate volume of the deposition shall be identified

27   on its face as containing information which has been designated

28   "CONFIDENTIAL." The designating party will be responsible for any additional

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1  costs imposed by the court reporting agency for creating the separate bound

2  confidential volume.  Counsel for the Producing Party whose Confidential

3  Information is involved may also request that all persons other than the reporter,

4  counsel and individuals authorized under ¶¶ 5 through 7 hereof leave the deposition

5  room during the confidential portion of the deposition. The failure of such other

6  persons to comply with a request to leave the deposition shall constitute substantial

7  justification for counsel to suspend the deposition while assistance of the Court is

8  obtained.

9           d.      Subject to the Federal Rules of Evidence, confidential documents and

10 other confidential information may be offered in evidence at any court hearing,

11 provided that the proponent of the evidence gives three (3) business days' advance

12 notice to counsel for any party or other person that designated the information as

13 confidential. Notwithstanding a designation of Confidential Information, any court

14 hearing which refers to or describes Confidential Information shall, in the Court's

15 discretion, be held in open court with records unsealed unless there is a specific

16 showing under law that confidentiality is required. The Producing Party has the

17 option to request that the proceeding shall be conducted out of the presence of all

18 unqualified persons and any transcript relating thereto shall, subject to the Court's

19 approval, be designated as Confidential Information and maintained under seal.

20          e.      Consistent with the Federal Rules of Civil Procedure and Civil Local

21 Rule 79-5, all information designated as Confidential Information which is filed or

22 lodged with the Court shall be filed or lodged in sealed envelopes on which shall be

23 affixed a copy of the cover page of the document contained therein. The cover page

24 shall include the words "CONFIDENTIAL" and "FILED UNDER SEAL" and a

25 legend substantially in the following form:

26          "This sealed container filed in this case, Roper v.
           Walgreen Co., pending in the United States District
27         Court, Central District of California, Eastern Division,
           Case No. CV 08-02518-VAP (OPx), contains
28         Confidential Information generally identified as

1   "CONFIDENTIAL" pursuant to the Protective Order
2   herein, and this envelope shall not be opened nor the
    contents thereof revealed except by the Court including
3   court personnel as necessary for handling of the matter, or
    as directed by further Order of the Court. After any such
4   opening or revelation, the envelope shall be resealed with
    the contents inside."

5   If the court clerk shall refuse to lodge or file a sealed pleading or

6   memorandum, the Party attempting to file or lodge the pleading or memorandum

7   shall not be prejudiced from refiling an unsealed version of the pleading or

8   memorandum as soon as reasonably practicable, and seeking to have such pleading

9   or memorandum sealed through a motion. Upon failure of a Party to file or lodge

10  Confidential Information in accordance with this Protective Order, a Producing

11  Party who in good faith believes that designation and filing under seal is required

12  may do so within ten (10) business days of learning of the defective filing or

13  lodging. Notice of such designation shall be given to all Parties.

14  **10.**   **NOTICE**

15          Unless otherwise stipulated by the Parties, any notice required by this

16  Protective order shall be made by actual or written notice to all counsel of record

17  for the Party to whom such notice is due. In addition, such notice must include

18  written notice to the following designated individuals:

19      a.      Notices to Plaintiff:

20          Jeffrey F. Keller (SBN 148005)
21          **KELLER GROVER LLP**
            425 Second Street, Suite 500
22          San Francisco, CA  94107
            Tel. (415) 543-1305
23          Facsimile: (415) 543-7861
24          jfkeller@kellergrover.com

25      b.      Notices to Defendant:

26          Robert P. Mallory, Esq.
            Matthew Oster, Esq.
27          MCDERMOTT WILL & EMERY LLP
            2049 Century Park East, 38th Floor
28          Los Angeles, CA  90024

Telephone:  (310) 277-4110
Facsimile:  (310) 277-4730

**11.   PRODUCING PARTY'S OWN INFORMATION**

The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information by a Receiving Party. Each Party is free to do whatever it desires with its own Confidential Information provided such information is treated in a manner that ensures its confidentiality and no other Party has expressed, or by the nature of the information, could reasonably be expected to have claims of confidentiality concerning the information.

**12.   RENDERING ADVICE TO CLIENTS**

Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Information produced or exchanged. In rendering such advice, an attorney may convey to his client the attorney's evaluation in a general way of Confidential Information designated as "CONFIDENTIAL" by a Producing Party; provided however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose or paraphrase the specific contents of any such Confidential Information received from another Producing Party if that disclosure would be contrary to the terms of this Protective Order.

**13.   NO WAIVER**

Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any Producing Party, is or is not entitled to particular protection, or

LAS99 1701073-1.007341.0043                (CASE NO. CV 08-02518-VAP (OPX))

1  that such information does or does not embody trade secrets of any Producing

2  Party. The procedures set forth herein shall not affect the rights of Parties to object

3  to discovery on grounds other than those related to trade secrets or proprietary

4  information claims, nor shall it relieve a Producing Party of the necessity of proper

5  response to discovery.

6  **14.  NO PROBATIVE VALUE**

7  This Protective Order shall not abrogate or diminish any contractual,

8  statutory or other legal obligation or right of any Producing Party with respect to

9  any Confidential Information. The fact that information is designated as

10  Confidential Information under this Protective Order shall not be deemed to be

11  determinative of what a trier of fact may determine to be confidential or

12  proprietary. This Order shall be without prejudice to the right of any Party to bring

13  before the Court the question of: (a) whether any particular material is or is not

14  confidential; (b) whether any particular information or material is or is not entitled

15  to a greater or lesser degree of protection than provided hereunder; (c) whether any

16  particular information or material is or is not relevant to any issue of this case,

17  provided that in doing so the Party complies with the foregoing procedures. Absent

18  a stipulation of all Parties, the fact that information has been designated

19  "CONFIDENTIAL" under this Order shall not be admissible during the trial of this

20  action, nor shall the jury be advised of such designation. The fact that any

21  information is disclosed, used, or produced in discovery or trial herein shall not be

22  construed admissible, or offered in any action or proceeding before any court,

23  agency or tribunal, as evidence of or concerning whether such information is

24  confidential or proprietary.

25  **15.  TERMINATION OF LITIGATION**

26  Upon written demand by the Producing Party, within ninety (90) days of the

27  final disposition of the above entitled case, whether by judgment and exhaustion of

28  all appeals, or by settlement, the attorneys of record:

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

(1)     Shall destroy or return to the Producing Party, or its attorney of record, all documents or information designated "CONFIDENTIAL" in their possession, custody or control or in the possession, custody or control of their staff;

(2)     Shall insure that all Confidential Information in the possession, custody or control of their experts and consultants, is destroyed or returned to the Producing Party, or its attorney of record;

(3)     Shall destroy all notes, memoranda or other documents which contain excerpts from any of the Confidential Information; and

(4)     Shall deliver to the Producing Party, or its attorney of record, written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance. Upon receipt of a notice of non-compliance, the Producing Party may make application to the Court for such further order as may be appropriate.

Notwithstanding the foregoing, a Receiving Party may retain copies of any material containing or comprising Confidential Information which was filed with the Court or created in connection with this action, including any such material contained within or submitted with or made exhibits to any pleadings, discovery, or depositions filed, served and/or taken in this action.

**16.    ENFORCEMENT OF THIS PROTECTIVE ORDER**

This Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this action. However, the terms of this Protective Order shall not govern the treatment of material or information at any trial in this action. The parties are to meet and confer regarding a proposal for the treatment of Confidential Information at trial.

**17.    MODIFICATION OF THIS PROTECTIVE ORDER**

In the event any Party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said Party shall make such request in the form of

MCDERMOTT WILL & EMERY LLP ATTORNEYS AT LAW LOS ANGELES

1   a written stipulation, or noticed motion to all Parties that must be served and filed in

2   accordance with local court rules.

3        IT IS HEREBY STIPULATED AND AGREED.

4

5   Dated:  September 17, 2008        **KELLER GROVER LLP**

6

7   By:   _____
                                       Jeffrey F. Keller, Esq.

8

9                                      *Attorneys for Plaintiff*
                                       *Stuart Roper*

10

11  Dated:  September 17, 2008        **McDERMOTT WILL & EMERY LLP**

12

13  By:   _____
                                       Matthew Oster, Esq.

14

15                                     *Attorneys for Defendant*
                                       *Walgreen Co.*

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1  **McDERMOTT WILL & EMERY LLP**
   ROBERT P. MALLORY #048287
2  MATTHEW OSTER #190541
   2049 Century Park East, 38th Floor
3  Los Angeles, CA  90067
   Telephone:  (310) 277-4110
4  Facsimile:   (310) 277-4730
   moster@mwe.com
5
   Attorneys for Defendant
6  **WALGREEN CO.**

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11

12 STUART ROPER, on behalf of        CASE NO. CV 08-02518-VAP (OPx)
   himself and all others similarly
13 situated,                         **PROTECTIVE ORDER**
                                     **REGARDING CONFIDENTIAL**
14                                   **INFORMATION**

15         Plaintiff,                Complaint Filed: March 13, 2008
                                     Trial Date:                TBA
16    v.                             Discovery Cut-off Date:     TBA
                                     Law & Motion Cut-off Date: TBA
17
   WALGREEN CO. and DOES 1-10,
18 inclusive,

19
            Defendant.
20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

**O R D E R**

The Court having read and reviewed the attached "Joint Stipulation And Protective Order Regarding Confidential Information" hereby approves of the Stipulation and orders the parties to the Stipulation to be bound by its terms.

It is further ordered that counsel for the respective parties are directed to place any documents to be filed or lodged in sealed envelopes on which shall be affixed a copy of the cover page of the document contained therein. The cover page shall include the words "CONFIDENTIAL" and "FILED UNDER SEAL" and a legend substantially in the following form:

> This sealed container filed in this case, Roper v. Walgreen Co., pending in the United States District Court, Central District of California, Eastern Division, Case No. CV 08-02518-VAP (OPx), contains Confidential Information generally identified as "CONFIDENTIAL" pursuant to the Protective Order herein, and this envelope shall not be opened nor the contents thereof revealed except by the Court including court personnel as necessary for handling of the matter, or as directed by further Order of the Court. After any such opening or revelation, the envelope shall be resealed with the contents inside.

**IT IS SO ORDERED:**

Dated:  9/19/08          By: _____

The Honorable Oswald Parada
U.S MAGISTRATE JUDGE

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1    Exhibit A

2    UNITED STATES DISTRICT COURT

3    CENTRAL DISTRICT OF CALIFORNIA

4    EASTERN DIVISION

5

6    STUART ROPER, on behalf of          CASE NO. CV 08-02518-VAP (OPx)
7    himself and all others similarly    **JOINT STIPULATION AND**
     situated,                           **[PROPOSED] PROTECTIVE**
8                                        **ORDER REGARDING**
                                         **CONFIDENTIAL INFORMATION**
9         Plaintiff,
                                         Complaint Filed: March 13, 2008
10        v.                             Trial Date:              TBA
                                         Discovery Cut-off Date:    TBA
11                                       Law & Motion Cut-off Date: TBA
     WALGREEN CO. and DOES 1-10,
12   inclusive,

13

14        Defendant.

15

16        I hereby acknowledge that I have received a copy of the Protective Order

17   Regarding Confidential Information entered in the above styled cause. I have read

18   the Protective Order Regarding Confidential Information, and I fully understand

19   that disclosures of documents and information designated as Confidential

20   Information under the Court's order may constitute contempt of Court. I recognize

21   that I am bound by the terms of that Order, and I agree to comply with those terms.

22   I agree not to disclose Confidential Information designated under order as

23   "CONFIDENTIAL" to any person not entitled to access to such Confidential

24   Information.

25        I further agree to use any Confidential Information only in connection with

26   this litigation, and not for any other purpose, including business, competitive or

27   governmental purposes or functions.

28

LAS99 1701073-1.007341.0043          18          (CASE NO. CV 08-02518-VAP (OPX))

At the end of this litigation, or my involvement in this litigation, whichever occurs first, I will return to counsel for the party from whom I received Confidential Information all Confidential Information that has come into my possession, custody or control during the course of this litigation.

Executed this _____ day of _____, 200[   ], at

_____, _____.

_____

Signature

Please print the following information:

_____

Name:

_____

Company Name:

_____

Business Address:

_____

Business Telephone Number:

_____